# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JULIAN MARTINEZ,<br><br>    Petitioner,<br><br>    v.<br><br>ANTHONY HEDGPETH, Warden,<br><br>    Respondent. | No. CV 10-3009-DDP (AGR)<br><br>ORDER TO SHOW CAUSE WHY PETITION FOR WRIT OF HABEAS CORPUS SHOULD NOT BE DISMISSED WITHOUT PREJUDICE |

On April 22, 2010, Petitioner filed a petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254 ("Petition"). The Petition does not state a single ground for federal habeas relief in response to Question 7. (Petition at 5-6.)

For the reasons discussed below, the court orders Petitioner to show cause, on or before **May 28, 2010**, why this Court should not recommend dismissal without prejudice.

///
///
///
///

**I.**

**FAILURE TO STATE A SINGLE GROUND FOR FEDERAL HABEAS RELIEF**

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Therefore, the Court applies the AEDPA in reviewing the petition.  *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA expressly provides that a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody ***in violation of the Constitution or laws or treaties of the United States***."  28 U.S.C. § 2254(a) (emphasis added).

A petition for writ of habeas corpus brought by a person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (b)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).  Exhaustion requires that Petitioner's contentions be fairly presented to the state's highest court, in this case the California Supreme Court.  *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994).   Petitioner bears the burden of demonstrating that he described to the California Supreme Court both the operative facts and the federal legal theory on which his claim is based.  *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995).

Question 7 of the Petition states:  "For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. . . .  Summarize briefly the facts supporting each ground.  For example, if you are claiming ineffective assistance of counsel, you must state facts specifically setting forth what your attorney did or failed to do." (Petition at 5.)  In response, Petitioner left Question 7 blank and did not state a single ground for federal habeas relief.  (*Id.* at 5-6.)

***Accordingly, if Petitioner does not respond to this Order to Show Cause, the Magistrate Judge will recommend that the Petition be dismissed without prejudice.***

A dismissal "without prejudice" would have the following consequences.  In the event that the California Supreme Court denies relief, a new federal habeas petition filed by Petitioner would not be barred as a second or "successive" petition.  *See Burton v. Stewart*, 549 U.S. 147, 155, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007).

***However, Petitioner is cautioned that a future federal habeas petition would be subject to the one-year statute of limitations in 28 U.S.C. § 2244(d).***  The one-year period starts either when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

## II.

## ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before **May 28, 2010**, Petitioner shall show cause, if there be any, why this Court should not recommend dismissal without prejudice.

Petitioner has the following option:  Petitioner may lodge a document entitled First Amended Petition that states a ground for federal habeas relief.  The First Amended Petition shall be complete in and of itself, shall not refer to or incorporate any prior pleading, and shall be a separate document.  The Clerk is directed to enclose a blank Petition for Writ of Habeas Corpus by a Person in State Custody.  Under this option, Petitioner must also add the words "First Amended" to the title on the form.  Filing a First Amended Petition on or before May 28, 2010 shall be deemed sufficient to discharge this Order to Show Cause.

///

///

///

1   Petitioner is cautioned that *if Petitioner does not respond to this Order to*
2   *Show Cause, the Magistrate Judge will recommend that the Petition be dismissed*
3   *without prejudice.*
4
5   DATED: April 28, 2010
           _____
6                ALICIA G. ROSENBERG
           UNITED STATES MAGISTRATE JUDGE

4